**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICKI COFFEY, on behalf of herself and all others similarly situated, | No. 25-4066 |
| *Plaintiff - Appellant*, | D.C. No. 2:24-cv-02725-SPL |
| v. | |
| FAST EASY OFFER, LLC; GFSG, LLC, doing business as Keller Williams Realty Phoenix; KELLER WILLIAMS REALTY, INC., | OPINION |
| *Defendants - Appellees*. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted May 18, 2026
Phoenix, Arizona

Filed June 4, 2026

Before: MARSHA S. BERZON, MILAN D. SMITH, JR.,
AND ANDREW D. HURWITZ, Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

## SUMMARY[*]

### Telephone Consumer Protection Act

The panel reversed the district court's dismissal, for failure to state a claim, of a putative class action under the Telephone Consumer Protection Act and remanded for further proceedings.

Vickey Coffey alleged that Fast Easy Offer, LLC, and other defendants violated the Act when contacting her through various phone calls and text messages. Based on the plain text of the Act's definition of "telephone solicitation," and consistent with *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913 (9th Cir. 2012) (holding that explicit mention of a good, product, or service is not necessary), the panel held that Coffey adequately pleaded that the messages at issue qualified as telephone solicitations. 47 U.S.C. § 227(a)(4) defines telephone solicitation as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." The panel concluded that the "purpose" at issue is the purpose of the "initiation" of the call or message. Coffey alleged that one purpose of defendants' initiation of the messages at issue was to solicit the purchase of real estate brokerage services, and she therefore sufficiently alleged that the messages were initiated for the purpose of encouraging the purchase or rental of services.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Adam W. Hansen (argued), Apollo Law LLC, Minneapolis, Minnesota; Emma L. Freeman, Apollo Law LLC, Brooklyn, New York; Alexander D. Kruzyk, Pardell Kruzyk & Giribaldo PLLC, Austin, Texas; for Plaintiff-Appellant.

Archis A. Parasharami (argued), Leif Overvold, and Daniel E. Jones, Mayer Brown LLP, Washington, D.C.; Christopher J. Mikesh, Mayer Brown LLP, New York, New York; Eric M. Fraser, Osborn Maledon PA, Phoenix, Arizona; Anthony T. King and Megan M. Carrasco, Snell & Wilmer LLP, Phoenix, Arizona; James M. Cool, Frazer Ryan Goldberg & Arnold LLP, Phoenix, Arizona; for Defendants-Appellees.

## OPINION

M. SMITH, Circuit Judge:

This case concerns how "telephone solicitation" is defined in the Telephone Consumer Protection Act (TCPA). Plaintiff-Appellant Vicki Coffey alleges that Defendants-Appellees Fast Easy Offer, LLC, GFSG, LLC, and Keller Williams Realty, Inc., violated the TCPA when contacting her through various phone calls and text messages. Based on the plain text of the Act's definition of "telephone solicitation" and consistent with our opinion in *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913 (9th Cir. 2012), we hold that Coffey has adequately pleaded that the messages at issue here qualify as telephone solicitations. We accordingly reverse the district court's judgment dismissing the

complaint for failure to state a claim upon which relief can be granted.

## BACKGROUND

### I.    Statutory and Regulatory Background

Congress enacted the TCPA, Pub. L. No. 102-243, 105 Stat. 2394 (1991) (principally codified as amended at 47 U.S.C. § 227), to protect consumers from the "intrusive invasion of privacy" posed by "[u]nrestricted telemarketing." TCPA § 2(5). The TCPA defines a "telephone solicitation" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

As part of the TCPA, Congress directed the Federal Communications Commission (FCC) to create a national "do not call" registry, *id.* § 227(c), and authorized the FCC to issue regulations "prohibit[ing] any person from making or transmitting a telephone solicitation to the telephone number of any subscriber" listed in the registry, *id.* § 227 (c)(3)(F). The FCC regulations promulgated pursuant to this authority prohibit a person or company from "initiat[ing] any telephone solicitation" to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c). The regulation defines "telephone solicitation" identically to the TCPA. 47 C.F.R. § 64.1200(f)(15). The TCPA provides a private right of action to any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations" promulgated under the statute, with damages equal to the

greater of "actual monetary loss" or "up to $500" per violation. 47 U.S.C. § 227(c)(5).

## II. Factual Background

Vicki Coffey is an Arizona resident who registered her personal cell phone number on the "do not call" registry in 2004. Fast Easy Offer, LLC (FEO) is an Arizona-based real estate company that advertises itself as "a local real estate solutions company" that can "help[] homeowners . . . find solutions to any problem." Part of FEO's business model allegedly involves purchasing homes "below fair market value, in exchange for a suite of services to ease the sale," and then, prior to sale, "remarket[ing] the property to third-party purchasers or investors" to "assign or sell the contract to that investor for a substantial premium."

The operative complaint alleges that in the fall of 2024, Coffey received at least six calls and two text messages from an FEO employee named "Yannick." The complaint reproduces two of these messages. They state:

- "Hello Vickey, this is Yannick the home buyer. Have you given up on selling your . . . Gilbert, AZ 85297 property?"

- "Have you given up on selling your property?"

The complaint further alleges that one of FEO's members, Brett Tanner, is an agent or employee of GFSG LLC, which does business as Keller Williams Realty Phoenix (KW Phoenix). According to Coffey, those homes that FEO does not purchase become leads for the brokerage services provided by FEO and KW Phoenix, with resulting revenues shared between the two entities. The complaint

alleges that Tanner is the architect of this strategy and that 9 out of 10 consumers who respond to FEO's telemarketing calls become clients of either FEO or KW Phoenix's brokerage services.

## III.   Procedural History

Based on these allegations, Coffey filed a putative class action against FEO, KW Phoenix, and Keller Williams Realty, Inc. (KWRI), invoking the TCPA's private right of action.  Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the calls and texts at issue were not telephone solicitations for TCPA purposes and that KWRI was not vicariously liable for the calls and texts made by FEO.  Coffey later filed an amended complaint, the operative one here.  Defendants moved to dismiss based on the same arguments, and the district court granted the motion, dismissing the operative complaint with prejudice.  The district court held that FEO's calls and texts to Coffey were not telephone solicitations as defined by the TCPA because they did not expressly encourage the purchases of services.

## ANALYSIS

## I.   Standard of Review

We review an order granting a motion to dismiss de novo, accepting as true all nonconclusory factual allegations in the complaint.  *D'Augusta v. Am. Petroleum Inst.*, 117 F.4th 1094, 1100 (9th Cir. 2024).  The complaint must "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face" to survive a motion to dismiss.  *Gibson v. City of Portland*, 165 F.4th 1265, 1274 (9th Cir. 2026) (citation modified).

## II. The district court erred in holding that the communications at issue were not telephone solicitations.

The parties contest only whether the district court erred in holding that the communications at issue did not constitute telephone solicitations for TCPA purposes. It did.

### a. Defendants' purpose in initiating the calls and messages at issue is relevant to determining whether they qualify as telephone solicitations.

We "interpret the TCPA under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 152 (2025). And we do so in line with the TCPA's remedial purpose of "protect[ing] consumers from unwanted automated telephone calls and messages." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1047 (9th Cir. 2017).

The TCPA defines telephone solicitation as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4). Defendants argue that a call or message falls within the statutory definition only where the content and context of the call or message itself reveals a purpose to sell something to the recipient.[1] Defendants are

---

[1] Defendants contend, and Coffey accepts, that the phrase "encouraging the purchase . . . of . . . property, goods, or services" means encouraging such a purchase *by* the recipient of the communication—not a purchase *from* the recipient. 47 U.S.C. § 227(a)(4). At least one circuit has so held. *See Hulce v. Zipongo Inc.*, 132 F.4th 493, 499 (7th Cir. 2025). As the parties do not dispute this question, we do not address whether an

8          COFFEY V. FAST EASY OFFER, LLC

correct that on a plain reading of that definition, "for the purpose of" modifies the immediately preceding phrase, "the initiation of a telephone call or message." But they focus on the wrong portion of that preceding clause. The "purpose" at issue is *not*, on a plain read, the purpose of the call or message, but instead of the "initiation" of that call or message. Defendants' interpretation would render "the initiation of" superfluous. *See Boise Cascade Corp. v. EPA*, 942 F.2d 1427, 1432 (9th Cir. 1991) ("Under accepted canons of statutory interpretation, we must interpret statutes as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous."). Giving meaning to the whole definition as drafted requires consideration of the purpose of the initiation of the calls and messages at issue.

Our opinion in *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913 (9th Cir. 2012), supports this interpretation of the statute. In *Chesbro*, the unsolicited calls encouraged the plaintiff to redeem rewards points at a Best Buy store. *See id.* at 918. The panel held that those calls fell within the TCPA because the points could be redeemed only by "going to a Best Buy store and making further purchases of Best Buy's goods."[2] *Id.* We rejected Best Buy's argument that "because the [callers'] scripts did not explicitly reference any property, goods, or services[,] . . . the calls did not run

---

unwanted call initiated for the purpose of "encouraging the purchase" of property, goods, or services *by the caller* and *from the recipient* would fall within the statutory definition of a telephone solicitation.

[2] The panel in *Chesbro* interpreted "telemarketing" as defined in 47 C.F.R. § 64.1200(f)(10) (2011), which is identical to the definition of "telephone solicitation" at issue in this case. 705 F.3d at 918.

afoul of the TCPA and its implementing regulations." *Id.* Instead, we clarified, "[n]either the statute nor the regulations require an explicit mention of a good, product, or service where the implication is clear from the context." *Id.*

In this case, then, we must consider not only the content of the messages Coffey received, but also their context as it illuminates Defendants' purpose in initiating the messages, when determining whether they qualify as telephone solicitations.

### b. The district court erred in holding that the messages here did not encourage the purchase of services for TCPA purposes.

Accepting as true Coffey's allegations regarding Defendants' purpose in initiating the messages at issue here, those messages qualify as telephone solicitations for TCPA purposes. In her operative complaint, Coffey alleges that one purpose of initiating the messages was to solicit the purchase of traditional real estate brokerage services. She highlights, for example, that FEO "provide[s] . . . traditional real estate representation for consumers who respond to FEO's solicitations." She further alleges that although FEO may occasionally purchase a home directly, it directs "9 out of 10" potential customers to either its own employees or Keller Williams associates who provide traditional brokerage services. The messages, therefore, were "initat[ed] . . . for the purpose of encouraging the purchase or rental of . . . services." 47 U.S.C. § 227(a)(4).[3]

---

[3] Because these allegations suffice to establish that the solicitations were "telephone solicitations," we do not decide whether the offers to buy homes directly were also telephone solicitations because they included

Defendants argue that the TCPA's plain text requires that the message directly encourage a purchase of services in the near term, not the future. And they attempt to distinguish *Chesbro*, contending that there, "Best Buy's reminder that the recipient had a credit towards a future Best Buy purchase was tantamount to encouraging the recipient to make a purchase from Best Buy," whereas the messages here might never lead to any purchase. But crediting Coffey's factual allegations as we must at the motion to dismiss stage, *D'Augusta*, 117 F.4th at 1100, one purpose for which Defendants initiated these messages was to encourage the purchase of real estate brokerage services. That is enough to satisfy the statutory definition.[4]

## **CONCLUSION**

Based on the TCPA's definition of "telephone solicitation" and our ruling in *Chesbro*, Coffey has pleaded sufficient factual allegations supporting her argument that the messages at issue here qualify as telephone solicitations to survive a motion to dismiss. We accordingly **REVERSE** the district court's dismissal and **REMAND** for further proceedings.

---

offers to supply the services associated with buying a home, such as escrow and attorneys' fees.

[4] The parties engage in a battle of the nonbinding authority, each providing various out-of-circuit and district court cases they say support their TCPA interpretations. We need not engage with this non-binding authority. The TCPA's plain text, circuit precedent, and Coffey's well-pleaded allegations provide a clear basis for decision at the motion to dismiss stage.